```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/18/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                :

    - v. -                               :     **STIPULATED**
                                         :     **PROTECTIVE ORDER**
VICTOR MONES CORO,                      :
    a/k/a "Victor Mones,"                     19 Cr. 144 (AKH)
ALEJANDRO MIGUEL LEON MAAL,             :
    a/k/a "Alejandro Leon," and       :
MICHOLS ORSINI QUINTERO,                :
                                         :
              Defendants.    :

- - - - - - - - - - - - - - - - - - - X

ALVIN K. HELLERSTEIN, District Judge:

    WHEREAS the above-referenced defendants (the "Defendants") have sought from the Government access to certain materials that are discoverable pursuant to Rule 16 of the Federal Rules of Criminal Procedure;

    WHEREAS the Government has represented that its responsive production will include recordings, electronic communications, and data and other materials that disclose the identities of individuals who acted at the direction of law enforcement in connection with the underlying investigation (the "Protected Materials");

    WHEREAS the Government desires to protect the identities of the participants in the communications reflected in the Protected Materials;

WHEREAS the Government has represented that the Protected Materials, if disseminated to third parties or outside the United States, could, among other things, implicate the safety of others and impede ongoing investigations; and

WHEREAS, in the interest of obtaining Rule 16 discovery for review, and anticipating that further future applications may be necessary thereafter pursuant to paragraph 5 herein given that this Order does not permit any use of Protected Materials with fact witnesses or third-parties whether in or outside this country, the Defendants, by their undersigned attorneys, consent to the entry of this protective order;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Protected Materials shall be used by the Defendants, their counsel, and their counsel's agents only for purposes of defending the charges, in connection with sentencing, and pursuing any appeals, in this criminal action. To the extent the Protected Materials are shown to additional persons consistent with the terms set forth below, those additional persons may only use the Protected Materials in connection with this criminal action, absent a further order from this Court.

2. The Government will identify all items subject to this protective order in a manner indicating their protected

2

status. Publicly available materials shall not be so designated.

    3.    The Protected Materials and the information and identities contained or disclosed therein:

    (a)  Shall be used by the Defendants and their counsel only for purposes of this action;

    (b)  Shall not be transmitted, disseminated, or possessed outside the territorial United States;

    (c)  Shall not be disclosed in any form by the Defendants or their counsel except as set forth in paragraph 3(d) below;

    (d)  May be disclosed only by the Defendants' counsel and only to the following persons (hereinafter "Designated Persons"):

    (i)  investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by a Defendant's attorney;

    (ii)  independent expert witnesses, investigators or advisors retained by a Defendant in connection with this action;

    (iii)  such other persons to be shown (but not

3

provided copies of) Protected Materials as hereafter may be authorized by the Court upon a motion by a Defendant pursuant to paragraph 5 below; or

(iv) such other persons as hereafter may be agreed to by the Government and defense counsel; and

(e) Shall be returned to the Government following the conclusion of this case.

4. The Defendants and their counsel shall provide a copy of this protective order to Designated Persons to whom the Protected Materials are disclosed pursuant to paragraph 3(d)(i), (ii), (iii), and (iv). Designated Persons shall be subject to the terms of this protective order.

5. Defense counsel may, on notice to the Government, seek authorization of the Court to show (but not provide copies of) certain specified discovery materials to persons whose access to discovery materials is otherwise prohibited by the preceding paragraphs, if it is determined by the Court that such access is necessary for the purpose of preparing the defense of the case.

6. The Government shall undertake good faith reviews at least every 6 weeks of the discovery designated as Protected

4

Materials and shall advise Defense Counsel if it determines that any such Protected Materials may be released from the Protective Order.

7. Any disputes regarding the classification of discovery material as Protected Materials, which cannot be resolved among the parties, should be brought to the Court, on notice to the parties, for a ruling before any disclosure not specifically permitted by this Order is made by any party.

6. The provisions of this order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, sentencing, or appeal proceeding held in this action or to any judge or magistrate of this Court for purposes of this action.

AGREED AND CONSENTED TO:

_____
Christine H. Chung, Esq.
Attorney for Defendant Mones Coro

June 14, 2019
Date

_____
Marcos Beaton, Esq.
Frank J. Gaviria, Esq.
Attorneys for Defendant Leon Maal

6-14-19
Date

_____
Annalisa Miron, Esq.
Sabrina Shroff, Esq.
Attorneys for Defendant Orsini Quintero

6-14-2019
Date

5

SO ORDERED:

_____      6-18-19
HONORABLE ALVIN K. HELLERSTEIN         Date
United States District Judge
Southern District of New York